IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

```
Kirby Smith,                      )
                                  )    2:12-cv-02355-GEB-DAD
          Plaintiff,              )
                                  )
     v.                           )    ORDER GRANTING PLAINTIFF'S
                                  )    MOTION TO REMAND*
Wells Fargo Bank, N.A., and Does  )
1 through 10, inclusive,          )
                                  )
          Defendants.             )
_____ )
```

Plaintiff moves to remand this case to the Superior Court of California from which it was removed, arguing removal was improper since diversity jurisdiction upon which removal was based does not exist. Specifically, Plaintiff contends that removant Wells Fargo Bank, N.A. is a national bank that is a citizen of California since its "corporate headquarters are located" in San Francisco, California. (Pl.'s Mot. to Remand 8:3, ECF No. 6.) Further, Plaintiff argues since Plaintiff is a citizen of California, the federal court lacks diversity removal jurisdiction. Wells Fargo Bank, N.A. counters that in light of its status as a national bank, under 28 U.S.C. § 1348 ("section 1348") it is only a citizen of South Dakota. Further, Wells Fargo Bank, N.A. asserts in its Notice of Removal that the federal court has diversity jurisdiction because "Plaintiff is a citizen of California based on

---

* This matter is deemed suitable for decision without oral argument. E.D. Cal. R. 230(g).

1

domicile, as he alleges residency . . . in Sacramento County," California. (Def.'s Not. of Removal 1:21, ECF No. 1.)

For purposes of determining a national bank's citizenship to decide whether diversity jurisdiction exists, section 1348 prescribes: "All national banking associations shall . . . be deemed citizens of the States in which they are respectively located." The Ninth Circuit in American Surety Co. v. Bank of California, 133 F.2d 160, 162 (9th Cir. 1943), interpreted the definition of "located" under "the predecessor statute to 28 U.S.C. § 1348, [and] held that a national bank is located in the State where it maintains its 'principal place of business.'" Guinto v. Wells Fargo Bank, No. 11-cv-372-LKK, 2011 WL 4738519, 2011 U.S. Dist. LEXIS 114986, at *1 (E.D. Cal. Oct. 5, 2011) (citing American Surety). This "holding[] [is] still binding on this court." Id. Since "Wells Fargo Bank, N.A. has its principal place of business in California[,] it is a citizen of California." Id. at *3.

Therefore, the federal court lacks diversity removal jurisdiction, and this case is remanded to the Superior Court of California in the County of Sacramento from which it was removed.

Dated:  November 1, 2012

GARLAND E. BURRELL, JR.
Senior United States District Judge